FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 DEC 27 P 2: 31

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARRELL COLEMAN,

Petitioner,

vs. CIVIL ACTION NO. CV205-148

JOSE VASQUEZ, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darrell Coleman ("Coleman"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Coleman has filed a Response.[1] For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Coleman pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, in the Middle District of Florida. Coleman was sentenced to 120 months' imprisonment and three years' supervised release, and the Middle District of Florida imposed a $100 special assessment. Coleman did not file a direct appeal. Coleman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Middle District

[1] Coleman filed an "Objection to Magistrate's Recommendation" (Doc. No. 12), which the undersigned construes as his Response to Respondent's Motion to Dismiss.

of Florida denied. Coleman filed an appeal, and the Eleventh Circuit Court of Appeals dismissed his appeal. Coleman also filed a motion seeking permission to file a second or successive section 2255 motion. The Eleventh Circuit denied his application. (Mem., p. 3.)

In the instant petition, Coleman contends that his detention is illegal because the trial judge sentenced him based on facts not found by a jury or admitted to by him. Specifically, Coleman contends that the sentencing judge attributed a certain quantity of drugs to him which was not set forth in the indictment. Coleman asserts that he is entitled to his requested relief pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000).

Respondent avers that Coleman's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Coleman has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that to the extent Coleman relies on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), neither of these cases applies retroactively to cases on collateral review. (Mot. to Dismiss, pp. 2-3.)

**DISCUSSION AND CITATION OF AUTHORITY**

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.

§ 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Coleman has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the legality of his imprisonment or detention is not an issue cognizable under section 2255, which renders the remedy afforded by that section inadequate or ineffective. (Doc. No. 12, p. 1.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.



AO 72A
(Rev. 8/82)

to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Coleman has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (noting that Booker does not apply retroactively to cases on collateral review); see also In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (stating that the Supreme Court has not made its decisions in Blakely and Booker[3] retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion). Coleman has also failed to present evidence that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Coleman has made these same claims either in the court of his conviction or in his

---

[3] Though Coleman does not specifically cite Blakely and Booker, the undersigned presumes he in fact relies on these cases, as the Supreme Court made its holding in Apprendi applicable to state and federal sentencing guidelines.



AO 72A
(Rev. 8/82)

application to file a second or successive section 2255 motion with the Eleventh Circuit Court of Appeals. (Pet., p. 4; Mem., p. 3.) Simply because the courts in his previously filed matters either rejected or declined to entertain Coleman's claims does not render section 2255's remedy inadequate or ineffective. Coleman has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

In sum, Coleman cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Coleman is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 9) be **GRANTED**, and Coleman's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)